**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:19-cv-59-FDW**

| | |
|---|---|
| CHARLES DEAN WILLINGHAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | <u>ORDER</u> |
| ) | |
| BUNCOMBE COUNTY JAIL, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983, (Doc. No. 1). <u>See</u> 28 U.S.C. §§ 1915A and 1915(e).

**I.    BACKGROUND**

Pro se Plaintiff Charles Dean Willingham is a pre-trial detainee incarcerated at the Buncombe County Detention Center in Asheville, North Carolina. Plaintiff filed this action on February 21, 2019, naming as Defendants (1) the "Buncombe County Jail"; (2) "Medical Dept Staffing, Diet. and Chief BCDF in their Official Capacity"; (3) "Food/Kitchen Lt./Sgt., Capt. Corp. Chief of BCDF in their Official Capacity"; (4) Michael Casterline, identified as a Buncombe County attorney; (5) and "J.M. Kepple," identified as a Buncombe County judge. Plaintiff's allegations against Defendants are unclear, but he alleges, among other things, that "the jail itself the staff here need to be replace[d] ASAP the new chief need to be replace[d] as well ASAP"; he has lost weight since entering the jail; he has steel plates and pins in his feet and legs, and he has been assigned a top bunk; and he has been subject to "hate crimes," bullying, and threats while in

1

the jail.  (Doc. No. 1 at 3-5).

**II.    DISCUSSION**

The provisions of 28 U.S.C. § 1915 are mandatory and define the degree and scope of this Court's initial review of Plaintiff's Complaint.  See Crawford-El v. Britton, 523 U.S. 574, 596 (1998) (discussing the Prison Litigation Reform Act ("PLRA")).  Section 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Plaintiff is a frequent filer of civil rights actions.  At least three of Plaintiff's previously filed civil rights actions have been dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.  See Willingham v. Summers, 1:12cv336-RJC, Order, Doc. No. 15 (W.D.N.C. filed July 12, 2013) (citing cases and finding that Plaintiff qualifies as a three-striker under § 1915(g)).  Plaintiff is, therefore, subject to 28 U.S.C. § 1915(g)'s bar to filing civil actions in forma pauperis unless he can show that he is under imminent danger of serious physical injury.  Here, Plaintiff raises no credible allegations that he is under imminent danger of serious physical injury as required by § 1915(g).   Therefore, this action will be dismissed without prejudice because Plaintiff has not paid the full filing fee.

In any event, Plaintiff's action would be subject to dismissal for other reasons.  First, the allegations are simply too vague, and some too unintelligible, to state a cognizable violation of federal or constitutional law.  Second, the Buncombe County Jail is not a legal entity capable of

being sued, nor is it a "person" within the meaning of 42 U.S.C. § 1983. See Monell v. Dep't. of Soc. Servs., 436 U.S. 658, 688 & n.55 (1978) (noting that for purposes of § 1983 a "person" includes individuals and "bodies politic and corporate"); FED. R. CIV. P. 17(b). Third, naming as Defendants the medical and food "staffs" at the jail, without naming specific officers, is not adequate to state a claim against a "person" as required in § 1983 actions. Accord Barnes v. Baskerville Corr. Ctr. Med. Staff, No. 3:07CV195, 2008 WL 2564779 (E.D. Va. June 25, 2008). Fourth, as to Defendant Michael Casterline, identified as a Buncombe County attorney, Plaintiff alleges no personal participation by Defendant Casterline and, in any event, it is well established that an attorney, whether retained, court-appointed, or a public defender, does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983. See Polk Cnty. v. Dodson, 454 U.S. 312 (1981); see also Davidson v. Ratliff, No. 4:11-1072-RBH-SVH, 2011 WL 3678679, at *2 (D.S.C. June 3, 2011) (private counsel was not acting under color of state law under 42 U.S.C. § 1983). Finally, as to Defendant Judge Kepple, a Buncombe County judge, Plaintiff alleges no personal participation by Judge Kepple, and, in any event, Judge Kepple is entitled to absolute judicial immunity. See Stump v. Sparkman, 435 U.S. 349, 359 (1996) ("A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors."); Imbler v. Pachtman, 424 U.S. 409, 419 (1976) (stating that judicial "immunity applies even when the judge is accused of acting maliciously and corruptly, and it is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences") (internal quotations omitted).

### III. CONCLUSION

For the reasons stated herein, the Court will dismiss this action without prejudice to Plaintiff to refile after paying the full filing fee. The Court warns Plaintiff, however, that refiling would be futile, as his claims against Defendants fail for the reasons stated in this Order.

**IT IS, THEREFORE, ORDERED** that:

1. For the reasons stated herein, the Court finds that Plaintiff has failed to show that he is under imminent risk of serious physical injury and he must therefore pay the full filing fee before he may present this § 1983 complaint in federal court. This action will, therefore, be dismissed.

3. The Clerk is respectfully instructed to terminate this action.

Signed: March 25, 2019

Frank D. Whitney
Chief United States District Judge